UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

|  |  |  |
|---|---|---|
| BRANDON DAWSON, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 0:23-CV-60-DLB-HAI |
| v. | ) ) ) | RECOMMENDED DISPOSITION |
| DELSA MOCK, | ) ) ) | |
| Defendant. | ) ) | |

*** *** *** ***

On May 17, 2023, this Court received a *pro se* civil right complaint from state prisoner Brandon Dawson. D.E. 1. He alleges that Defendant Delsa Mock, chaplain of the Eastern Kentucky Correctional Center ("EKCC"), violated his First Amendment freedom of religion on two occasions. D.E. 1 at 2-3. First, he claims that Mock violated the First Amendment by denying him access to religious materials mailed to him by Immanuel Baptist Church. *Id.* Second, he argues that his First Amendment rights were violated when he was punished for removing multiple religious pamphlets from the EKCC Chapel Library in violation of EKCC policy. *Id.* Dawson also claims Mock attempted to convert him to Catholicism. *Id.* Dawson initiated this suit while at Northpoint Training Center. *See id.* at 10. On October 12, 2023, Dawson informed the Court that he had been transferred to Luther Luckett Correctional Complex and updated his address. D.E. 14.

Dawson has been specifically informed twice during the pendency of this case that failure to update his address could lead to dismissal of his complaint. On July 6, 2023, upon being granted *in forma pauperis* status, Dawson was instructed that he "must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of**

**this case**." D.E. 9 at 2.  This was reiterated by Chief Judge Bunning upon his preliminary review of the case.  D.E. 15 at 4 (stating again that "Dawson must immediately advise the Clerk of any change to his current mailing address. **Failure to do so may result in dismissal of this case**.").

On February 18, 2025, the Court received a notice that an Order (D.E. 32) was returned as undeliverable.  D.E. 33.  A notation on the envelope says Dawson is "Not at This Address."  *Id*. The Order was properly mailed to Dawson's address on record at the Luther Luckett Correctional Complex.  According to the Kentucky Department of Corrections Kentucky Online Offender Lookup, Dawson was released from the Luther Luckett Correctional Facility on parole on August 9, 2024.  The Court has not received any address update since the October 2023 letter.  *See* D.E. 14.  As such, and for the reasons described below, the undersigned recommends the case be dismissed for failure to prosecute.  Further, Defendant's motion for summary judgment (D.E. 27) should be denied as moot.

I.

A complaint may dismissed for failure to prosecute, failure to follow rules or failure to follow a court order.  Federal Rule of Civil Procedure 41(b) states:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Although the language of Rule 41(b) contemplates a motion to dismiss, the Rule has long been interpreted to permit a court to dismiss an action on its own initiative because a plaintiff has failed to comply with the rules of civil procedure or the court's orders.  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007).

The Sixth Circuit has identified four factors to evaluate a District Court's dismissal for failure to prosecute.

> whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Each factor weighs in favor of dismissal here.

The first factor "requires a clear record of delay or contumacious conduct," meaning "behavior that is perverse in resisting authority and 'stubbornly disobedient.'" *Carpenter*, 723 F.3d at 704-05 (internal quotation marks omitted). The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings. *Id.* at 705.

Dawson has shown a reckless disregard for the effect of his conduct on these proceedings. He was warned of the consequences of failing to maintain his address by Orders dated July 6, 2023, and October 30, 2023. Dawson was aware of his standing obligation to update his address with the Clerk's Office, as evidenced by his address change notification on October 12, 2023. *See* D.E. 14. Dawson was aware of the pending motion for summary judgement in his case. He filed his reply fewer than three weeks before his release. *See* D.E. 29. Despite the ongoing adjudication of a dispositive motion, Dawson abstained from updating his address with the Court for over six months. The Court prefers that prisoner cases be decided on their merits with full participation of the parties, but there is little the Court can do if the case becomes abandoned by the person who brought it. Accordingly, Dawson's apparent abandonment of this case despite multiple warnings

shows "reckless disregard" for the effect of his conduct on those proceedings. *Carpenter*, 723 F.3d at 705.

Concerning the second factor, Defendant has been prejudiced in the sense of having to waste time, money, and effort on abandoned litigation. *See Carpenter*, 723 F.3d at 707. Along with the initial summary judgment filing, Defendant has been ordered to prepare supplemental briefing by February 21, 2025, which will require her to review and compile prison records that are more than two years old. D.E. 30.

Third, Dawson has been warned that abandoning the case could generate an adverse judgment. Beyond the two aforementioned orders providing that warning, Dawson was on notice of the requirement under the Joint Local Civil Rules. Joint Local Civil Rule 7.1(c) states, "Failure to timely respond to a motion may be grounds for granting the motion." Additionally, Joint Local Civil Rule 5.3(e) states, "Notification of Change in Address; Sanctions. All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."

Finally, concerning whether less drastic sanctions are available, the Court notes that Dawson has not participated in this case for six months and he will have fourteen days to object to this recommended disposition.

II.

For the reasons described above, the undersigned **RECOMMENDS:**

(1) Plaintiff's case be **DISMISSED** for failure to prosecute under Federal Rule of Civil Procedure 41(b).

(2) Defendant's motion for summary judgment (D.E. 17) be **DENIED AS MOOT**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019)

This the 20th day of February, 2025.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge